**Alexandra Sanchez VELASQUEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70469.

INS File No. A75 494 744.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM \*\*

Alexandra Velasquez Sanchez,[1] a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals' decision dismissing her appeal from the Immigration Judge's decision denying her application for asylum and withholding of removal. We deny the petition.

Because the BIA conducted a de novo review of the record and affirmed the IJ's adverse findings, we limit our review to the BIA's decision. *Molina-Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001). We review the BIA's findings of fact, including credibility findings, for substantial evidence and must uphold the BIA's findings unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 816–817, 117 L.Ed. 38 (1992); *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

The BIA provided specific, cogent reasons for its adverse credibility finding, noting that Velasquez's testimony was inconsistent and insufficiently detailed. *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994). Thus, we must uphold the BIA's adverse credibility determination because it is supported by substantial evidence. *See Singh–Kaur,* 183 F.3d at 1151–53. Nor did the BIA err in holding that Velasquez failed to establish a nexus between the alleged persecution and her political beliefs. *See* 8 U.S.C. § 1101(a)(42); *Elias–Zacarias,* 502 U.S. at 483–84, 112 S.Ct. at 816–817; *Ochave v. INS,* 254 F.3d 859, 864–65 (9th Cir.2001); *Lopez–Galarza v. INS,* 99 F.3d 954, 959 (9th Cir.1996). To the extent Velasquez

---

1. The administrative record and petitioner's brief refer to petitioner as Alexandra Velasquez Sanchez. However, the caption of this case as docketed refers to petitioner as Alexandra Sanchez Velasquez. We will refer to her as Velasquez.

claims other bases for asylum, we do not have jurisdiction over those remaining claims because she did not raise them before the BIA in the first instance. *See Vargas v. U.S. INS*, 831 F.2d 906, 907–08 (9th Cir.1987). Thus, the BIA did not err in determining that Velasquez is ineligible for asylum.[2]

DENIED.

---

**2.** Because Velasquez did not meet the requirements for eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995).

